IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JLJ CAPITAL, LLC<br><br>*Plaintiff,*<br><br>vs.<br><br>RJ AGAVE INVESTMENT MANAGEMENT, LLC, RJV INVESTMENTS, LLC, RON MILLS AND JOHN LANDAU<br><br>*Defendant.* | CIVIL ACTION NO. 5:20-CV-1339 |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes JLJ Capital, LLC, Plaintiff in the above numbered and styled cause ("Lender"), and files this its Original Complaint against Defendants RJ Agave Investment Management, LLC and RJV Investments, LLC (collectively "Borrowers") and Ron Mills and John Landau (collectively "Guarantors"), and in support thereof respectfully shows the following to the Court:

### I. SUMMARY OF DISPUTE

1. In May 2018, Lender loaned $1,130,000 to Borrowers (the "Loan"). Borrowers pledged personal assets as collateral for the Loan. Guarantors executed a Guaranty of Payment and Performance in their individual capacity to guaranty payment of the Loan to Lender.

2. Despite several modifications of the Loan and Lender's good faith efforts with Borrowers and Guarantors for over two years to reach a resolution, Borrowers failed to timely pay, and the Loan went into default.

3. In October 2020, Lender sent a Notice of Default. Despite such Notice, the Loan remains in default. As a result, Lender seeks judicial relief from this Court.

1

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Lenders and Borrowers/Guarantors are citizens of different states,[1] and Lenders' claims against Borrowers/Guarantors exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated in this district.

6. This Court also has venue of this case pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which Borrowers/Guarantors reside.

## III. PARTIES

7. Lender is a New Jersey limited liability company with its principal office located at 330 Changebridge Rd, Pine Brook, NJ 07058. Lender's members are citizens of Florida.

8. RJ Agave Investment Management, LLC ("RJ Agave") is a Texas limited liability company authorized to do business in Texas. RJ Agave may be served with citation through its registered agent, Ron Mills, 8302 Greenbriar, San Antonio, Texas 78209, or wherever it may be found.

9. RJV Investments, LLC ("RJV Investments") is a Texas limited liability company authorized to do business in Texas. RJV Investments may be served with citation through its registered agent, Ron Mills, 8302 Greenbriar, San Antonio, Texas 78209, or wherever it may be found.

10. Guarantor Ron Mills is an individual residing in Texas and may be served with citation at 8302 Greenbriar, San Antonio, Texas 78209 or wherever he may be found.

---

[1] *See Bank of Am., N.A. v. Fulcrum Enters., LLC*, 642 F. App'x 334, 334 (5th Cir. 2016) ("The citizenship of a limited liability company 'is determined by the citizenship of all of its members.'").

11. Guarantor John Landau is an individual residing in Texas and may be served with citation at 805 Columbia Street, San Marcos, Texas 78666 or wherever he may be found.

## IV. FACTS

**A. BORROWERS RECEIVE A $1,130,000 LOAN FROM LENDER.**

12. On or around May 17, 2018, Lender and Borrowers executed a loan agreement under which Borrowers borrowed $1,130,000.00 from Lender (the "Loan").

13. The Loan provides that, among other things, Borrowers' failure to make any payment when due under the Loan is an event of default.

14. The Loan is evidenced by a Promissory Note dated May 17, 2018 in the principal amount of $1,130,000.00 (the "Note").[2]

15. Under the terms of the Note, Borrowers are obligated to timely pay principal and interest payments.

16. The Note provides, among other things, that Borrowers' failure to make any payment when due under the Note is an event of default.

17. As collateral for the indebtedness under the Loan and Note, Borrowers executed a Security Agreement (the "Security Agreement"), which granted Lender a first priority security interest in Borrowers' personal property:[3]

> **Grant of Security Interest:**
>
> Subject to the terms of this Security Agreement, Pledgor grants to Secured Party a first priority security interest (except as set forth below) in the collateral set forth in Schedule A annexed hereto and all its proceeds to secure payment and performance of Pledgor's obligation in this Security Agreement and any and all renewals, modifications, alterations and extensions of all or any part of the Secured Obligations.

---

[2] *See* Note, attached hereto as Exhibit A.
[3] *See* Security Agreement, attached hereto as Exhibit B. The Loan, Note, Security Agreement and all other agreements and documents evidencing and securing the Loan are hereinafter collectively referred to as the 'Original Loan Documents."

3

18. Under the Security Agreement, Borrowers' failure to timely pay the Note or perform any other obligation, covenant or liability in any written agreement between Borrowers and Lender constitutes an Event of Default.[4]

19. Lender may "demand, collect…sue for, and foreclose on the collateral as [Lender] desires."[5]

20. In an Event of Default, Lender may also "declare the unpaid principal and earned interest of the Secured Obligations immediately due in whole or in part, enforce the Secured Obligations, and exercise any rights and remedies granted by the Texas Uniform Commercial Code or by [the] Security Agreement."[6]

21. The express provisions of the Security Agreement further permit Lender to recover attorneys' fees and other legal expenses plus interest if Borrowers fail to perform any of their obligations and an Event of Default occurs.[7]

**B.  THE GUARANTORS EXECUTE THE GUARANTY OF PAYMENT AND PERFORMANCE.**

22. On or about May 17, 2018, Ron Mills and John Landau ("Guarantors") executed a Guaranty of Payment and Performance in their individual capacity (the "Guaranty").[8]

23. Through the Guaranty, the Guarantors "irrevocably, absolutely and unconditionally" guaranteed to Lender and its successors and assigned "the due and punctual payment" of the Loan.[9]

24. In the event that Guarantors breach the Guaranty or fail to timely perform any provisions of the Guaranty, including timely payment of the Loan, the Guaranty permits Lender

---

[4] *See* Security Agreement, Events of Default, ¶ 1.
[5] *See* Security Agreement, Remedies of Secured Party, ¶ 1(d).
[6] *See* Security Agreement, Remedies of Secured Party on Default.
[7] *See* Security Agreement, General Provisions, ¶ 3.
[8] *See* Guaranty, attached hereto as Exhibit C.
[9] *See* Guaranty, ¶ 1.1.

to immediately demand payment of the Loan along with all costs and expenses, including attorneys' fees and court costs.[10]

## C. THE ORIGINAL LOAN IS MODIFIED.

25. On or around April 30, 2019, the Original Loan Documents were modified by a Note and Loan Modification Agreement (the "First Modification Agreement").

26. The Original Loan Documents were further modified by a Second Note and Loan Modification Agreement dated April 30, 2019 (the "Second Modification Agreement").

27. The purpose of the modifications were to aid Borrowers in timely performance of the Loan.[11]

## D. BORROWERS DEFAULT ON THE MODIFIED LOAN AND THE PARTIES EXECUTE THE AMENDED FORBEARANCE AGREEMENT.

28. After the modifications, Borrowers defaulted under the Loan Documents by failing to satisfy payment obligations when due.

29. As a result of such default, Borrowers and Lender executed an Amended and Restated Forbearance Agreement on June 30, 2020 (the "Amended Forbearance Agreement").[12]

30. Pursuant to the Amended Forbearance Agreement, Lender agreed to forbear from any action related to the Loan until September 30, 2020 (the "Forbearance Termination Date") contingent upon certain conditions, including payments from the Borrower by dates certain:[13]

---

[10] *See* Guaranty, ¶ 1.7.
[11] The Original Loan Documents as modified by the First Modification Agreement and the Second Modification Agreement are hereinafter referred to as the Loan Documents.
[12] *See* Amended Forbearance Agreement, attached hereto as Exhibit D.
[13] *See* Amended Forbearance Agreement, ¶ E(1).

5

1. <u>Forbearance and Conditions</u>. (a) Subject to the terms and conditions set forth below, Lender will forbear from exercising its remedies until September 30, 2020 (the "Forbearance Termination Date"). Lender's agreement to forbear until September 30, 2020 is contingent upon the following conditions: (i) until such time as the Loan is paid in full, Borrower and Guarantor will not exercise any management rights of Borrower without the prior written consent of Lender, (ii) on the date of the sale of the Brushy asset, Borrower shall make a payment of **$250,000.00** to Lender to pay down the principal portion of the Loan; (iii) on the date of the sale of the Brushy asset, Borrower shall make a payment of **$33,812.94** to Lender, representing the balance of the $338,129.41 IGX Ball Street, LLC escrow; (iv) on the date of the sale of the Brushy asset, Borrower shall make a payment to Lender of **$734.75** for the servicer default fees and **$250.00** for the Loan payoff processing fee, as set forth in the attached payoff statement; and (v) between the date hereof and September 30, 2020, Borrower will proceed diligently and in good faith with regard to its efforts to obtain take-out financing, and shall keep Lender fully informed as to such efforts. In addition, all fees due under the Loan Documents shall accrue and be due and payable on September 30, 2020. On the Forbearance Termination Date or upon an earlier default of the Borrower's or Guarantor's obligations under this Agreement, the forbearance period shall expire automatically unless all amounts then due and owing under the Loan Documents are indefeasibly paid in full.

31. Borrowers also agreed to provide additional collateral as further security for Borrowers' obligations:[14]

(b) On the date hereof, Borrower will provide additional collateral as further security for the obligations of the Borrower and the Guarantor under the Loan Documents, as evidenced by the Security Agreement dated the date hereof (the "New Security Agreement"). Borrower and the Guarantor hereby expressly acknowledge and agree that the collateral under the New Security Agreement is additional collateral, and that the existing Security Agreement shall remain in full force and effect.

32. Further, Borrowers agreed that the terms of the existing Security Agreement, including its Events of Default and Remedies provisions, would remain in full force and effect.[15]

33. Despite Borrowers' promises, Borrowers failed to timely pay in accordance with the express terms of the Amended Forbearance Agreement.

---

[14] *See id.*
[15] *See id.*

**E.  BORROWERS CONTINUE TO BE IN DEFAULT.**

34. Although Lender has negotiated in good faith with Borrowers to reach a resolution, Borrowers remain in default.

35. As a result of Borrowers' continued default, Lender sent Guarantors a Notice of Default on or around October 14, 2020 (the "Notice").[16]

36. The Notice indicated that payment of the past-due balance in the amount of $1,325,426.55 was due to Lender by October 24, 2020 ("Payment Deadline"), and that failure to make the required payment would result, among other things, in enforcement of Lender's rights and remedies owed under the Note without further notice.

37. Despite Lender's demand, Borrowers and Guarantors failed to cure the default by the Payment Deadline or provide any payment towards the amounts due and owing on the Note.

38. As outlined in the Notice, Borrowers are also responsible for attorneys' fees and interest pursuant to the terms of the Loan Documents.

39. Accordingly, pursuant to the Note, the Security Agreement and the Guaranty, Lender is entitled to collect from Borrowers and/or Guarantors all amounts owed by Borrowers along with costs of collection, including attorneys' fees and interest.

40. As of October 14, 2020, the principal and interest owed on the Note amounts to $1,325,426.55 exclusive of attorneys' fees and costs.

## V.  CAUSES OF ACTION

**A.  COUNT ONE—BREACH OF PROMISSORY NOTE.**

41. All preceding paragraphs are incorporated herein as if fully set forth.

42. Borrowers breached the Note by failing to timely pay the Loan.

---

[16] *See* Notice, attached hereto as Exhibit E.

43. Borrowers' failure to timely pay the Loan constitutes an Event of Default under the express terms of the Note.

44. Despite demand, Borrowers have not cured the Event of Default and are therefore in breach of the Note.

45. As a direct result of Borrowers' breach, Lender has suffered money damages in the amount of the original principal of the Note plus attorneys' fees and interest.

46. Lender reserves the right to seek all damages that it might suffer because of Borrowers' breach.

47. Lender further seeks reimbursement of its reasonable and necessary attorneys' fees, interest, and cost of court as further alleged below and as allowed under the Note and by statute.

**B. COUNT TWO—BREACH OF FORBEARANCE AGREEMENT.**

48. All preceding paragraphs are incorporated herein as if fully set forth.

49. Borrowers breached the Forbearance Agreement by failing to comply with its terms, including the specific payments referenced in the agreement and Borrowers' provision of additional collateral.

50. Borrowers' failure to comply with their contractual obligations constitutes an Event of Default under the Security Agreement, which is expressly incorporated into the Forbearance Agreement.

51. Despite demand, Borrowers have not cured the Event of Default and are therefore in breach of the Forbearance Agreement.

52. As a direct result of Borrowers' breach, Lender has suffered money damages in the amount of the original principal of the Note plus attorneys' fees and interest.

53. Lender reserves the right to seek all damages that it might suffer because of Borrowers' breach.

54. Lender further seeks reimbursement of its reasonable and necessary attorneys' fees, interest, and cost of court as further alleged below and as allowed under the Forbearance Agreement and by statute.

C. **COUNT THREE—BREACH OF GUARANTY.**

55. All preceding paragraphs are incorporated herein as if fully set forth.

56. Guarantors failed to timely pay the Loan when Borrowers failed to comply with their obligations.

57. Guarantors' failure to timely pay the Loan constitutes a breach under the express terms of the Guaranty.

58. Despite demand, Guarantors have not cured Borrowers' default and are therefore in breach of the Guaranty.

59. As a direct result of Guarantors' breach, Lender has suffered money damages in the amount of the original principal of the Note plus attorneys' fees and interest.

60. Lender reserves the right to seek all damages that it might suffer because of Guarantors' breach.

61. Lender further seeks reimbursement of its reasonable and necessary attorneys' fees, interest, and cost of court as further alleged below and as allowed under the Note and by statute.

## VI. ATTORNEYS' FEES

62. All preceding paragraphs are incorporated herein as if fully set forth.

63. Pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code, the Security Agreement and the Amended Forbearance Agreement, Lender seeks recovery of its reasonable

and necessary attorneys' fees incurred as a result of enforcing the terms of the written agreements between Lender, Borrower and Guarantors.

64. Specifically, pursuant to the terms of the Security Agreement, "[i]f [Borrowers] fail to perform any of [their] obligations, [Lender] may perform those obligations and be reimbursed by [Borrowers] on demand…including attorney's fees and other legal expenses…".[17]

65. Lender requests an award of its attorney's fees and costs for pursuing this lawsuit against Borrowers.

66. Lender perfected its right to fees under Texas law and the Security Agreement by providing Borrowers and Guarantors with a Notice of Default on October 14, 2020.

67. Despite the Notice, Borrower and Guarantors continue to be in default.

68. As a result of Borrower and Guarantors' failure to cure, Lender was required to retain the services of the undersigned counsel to prosecute this action.

69. Lender seeks an award from this Court of the fees it has incurred to collect the amounts owed by Borrowers and Guarantors.

## VII. RESERVATION OF RIGHTS

69. Lender reserves all rights and remedies against Borrowers and Guarantors.

70. The filing of this action is not intended to be a waiver of any rights or remedies or an election of remedies.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Lender prays that:

a. Borrowers and Guarantors be cited to appear and answer herein;

---

[17] *See* Security Agreement, General Provisions, ¶ 3.

b.  Lender be granted judgment in the amount of $1,072,554.12 as the principal amount due on the Note;

c.  Lender be granted judgment in the amount of $252,872.43 as interest, late charges and fees owed on the Note;

d.  Lender be granted judgment for prejudgment interest at the lesser of: a. the maximum rate allowable by law, or b. 18% per annum, as authorized by the Agreement;

e.  Lender be granted judgment for all costs of court;

f.  Lender be granted attorneys' fees;

g.  Lender be granted judgment for post judgment interest at the highest rate allowable by law on the total amount of the judgment from the date of judgment until paid; and

h.  Lender be granted such other and further relief, special or general, legal or equitable, as Lender may be shown to be justly entitled to receive.

Respectfully submitted,

JACKSON WALKER LLP

112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
(210) 978-7700
(210) 978-7790 – Fax

By: */s/ Matthew J. Swantner*
    Matthew J. Swantner
    State Bar No. 24066169
    mswantner@jw.com
    Amanda N. Crouch
    State Bar No. 24077401
    acrouch@jw.com

**ATTORNEYS FOR PLAINTIFF/LENDER**